UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FRANK BUTZ,

    Plaintiff,

v.

    Case No. 2:15-CV-12232
    Judge Matthew F. Leitman
    Magistrate Judge Anthony P. Patti

JERRY CLAYTON,

    Defendant.

_____/

### OPINION AND ORDER DENYING WITHOUT PREJUDICE DEFENDANT'S MOTION TO CONSOLIDATE (DE 15)

**I.   OPINION:**

    **A.   Background**

        1.   **Case No. 2:15-cv-12232-MFL-APP (*Butz v. Clayton*)**

Plaintiff is an *in pro per* party to two cases in this Court. On June 19, 2015, while incarcerated at the Washtenaw County Jail (WCJ) in Ann Arbor, Michigan, Plaintiff Frank Leonard Butz filed the instant lawsuit against Jerry Clayton, the Washtenaw County Sheriff. (DE 1 at 1-2.) In sum, Plaintiff's complaint concerns an alleged inability to attend a court-ordered class due to his confinement in F-Block, an allegedly ambiguous disciplinary system and kites allegedly not being

delivered to the addressee. (*See* DE 1 at 3.) He seeks declaratory and injunctive relief, as well as an award of $2,000,000 for grief and suffering. (DE 1 a 4.)

### 2. Case No. 2:15-cv-12233-MFL-APP (*Butz v. Clayton, et al.*)

Plaintiff's other lawsuit, also filed on June 19, 2015, concerns the conditions and cost of phone service at Washtenaw County Jail (WCJ) and was filed against Wayne County Sheriff Jerry Clayton and Securus Technologies.[1] *See* Case No. 2:15-cv-12233-MFP-APP (E.D. Mich.). (DE 1 at 3.) He seeks injunctive relief, as well as an award of monetary damages for his frustration, grief and suffering. (DE 1 at 4.)

### B. Pending Motions in Each Case

Currently pending in this case are Defendant Clayton's September 16, 2015 motion to dismiss (DE 9), regarding which a response was due on October 30, 2015 (DE 10), and Defendant Clayton's October 14, 2015 motion to consolidate both actions filed by Plaintiff (DE 15), regarding which a response was due on December 24, 2015 (DE 16). Instead of filing substantive responses to these motions, Plaintiff has twice filed an "affidavit and response," each of which lists ten challenges he faces and contains the following prayer for relief:

---

[1] Plaintiff's complaint groups together "Securus Correctional Billing Services/Securus Technologies [and] T-Netix Inc." (DE 1 at 2.) It appears that, around 2004, T-Netix and Evercom Systems merged and formed Securus Technologies. *See* http://apps.securustech.net/history.asp. Therefore, for the purposes of this report and recommendation, the Court assumes the sole defendant is Securus Technologies, Inc.

> Plaintiff Frank Butz prays the Court grant a hearing to determine if [P]laintiff can be appointed legal counsel, how to proceed, explain "Dismiss With Prejudice", grant Defendant(s) Motions, or whatever the Court deems appropriate.

(DE 13 at 2 & DE 17 at 2.)[2]

Currently pending in Plaintiff's second case are two motions to dismiss (DEs 10 & 11, DE 16), each of which was filed during September 2015. (*See also* DE 12 (Declaration)). Pursuant to the Court's September 14, 2015 order, Plaintiff's responses to the first two were due on October 29, 2015. (DE 14.) Pursuant to the Court's September 18, 2015 order, Plaintiff's response to the latter was due on October 19, 2015. (DE 17.) Here, too, Plaintiff filed a similar "affidavit and response." (DE 18.)[3] Sheriff Clayton has filed a reply. (DE 19.)

**C.     Discussion**

In his October 14, 2015 motion in the instant case, Defendant Clayton contends, in part: "it is clear that both lawsuits are grounded in a common factual basis; namely, the conditions of confinement during Mr. Butz's period of incarceration at the Washtenaw County Jail." (DE 15 at 10.) Defendant's motion

---

[2] Plaintiff filed another such document on October 1, 2015; however, it appears he intended to file it in Case No. 15-12233. (*See* DE 12.)

[3] Technically, Defendant's motion to consolidate (DE 15) is unopposed and could be granted on that basis. "A respondent opposing a motion must file a response, including a brief and supporting documents then available." E.D. Mich. LR 7.1(c)(1). Here, Plaintiff's December 9, 2015 filing (DE 17) does not constitute a response to the substance of Defendant's motion to consolidate (DE 15).

3

is based upon Fed. R. Civ. P. 42(a), which provides: "If actions before the court involve a common question of law or fact, the court may:

>  **(1)** join for hearing or trial any or all matters at issue in the actions;
>
>  **(2)** consolidate the actions; or
>
>  **(3)** issue any other orders to avoid unnecessary cost or delay.

Fed. R. Civ. P. 42(a) ("Consolidation."). (*See* DE 15 at 2, 11 & 13.)[4] In particular, Defendant relies upon the factors set forth in *Cantrell v. GAF Corp.*, 999 F.2d 1007 (6th Cir. 1993):

> [W]hether the specific risks of prejudice and possible confusion [are] overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives.

---

[4] In issuing this order, I assume a magistrate judge's authority to rule upon a Fed. R. Civ. P. 42(a) motion to consolidate. *See Carcaise v. Cemex, Inc.*, 217 F. Supp. 2d 603, 604 n.1 (W.D. Pa. 2002) ("Pursuant to the Referral Orders entered by the District Court . . ., this magistrate judge has the authority to rule on the request to consolidate as a non-dispositive motion."); *see also Trafalgar Power, Inc. v. Aetna Life Ins. Co.*, 131 F. Supp. 2d 341, 343 (N.D.N.Y. 2001) ("In a Report, Recommendation and Order dated November 8, 2000 (the Report), the Magistrate Judge decided the motions for non-dispositive relief by granting Algonquin's motion for consolidation of 00–CV–1246 with 99–CV–1238, and denying Aetna's motion for leave to intervene as moot."). *But see Black v. Cockrell*, No. 4:03-CV-182-A, 2003 WL 21757297, at *1 n.1 (N.D. Tex. July 28, 2003) ("While the magistrate judge's reasoning in support of consolidation was sound, he did not possess the authority to consolidate the actions because he effectively disposed of the latter-filed action.").

*Cantrell*, 999 F.2d at 1011 (citing *Hendrix v. Raybestos–Manhattan, Inc.*, 776 F.2d 1492, 1495 (11th Cir.1985)).  (*See also* DE 15 at 11, 12, 13 & 17.)

Even so, a decision to consolidate is within this Court's discretion. "Whether cases present a common question of law or fact is only a threshold requirement; once a common question has been established, the decision to consolidate rests in the sound discretion of the district court." *Banacki v. OneWest Bank, FSB*, 276 F.R.D. 567, 571 (E.D. Mich. 2011) (Rosen, C.J.).  "In exercising its discretion, a court should weigh 'the interests of judicial economy against the potential for new delays, expense, confusion, or prejudice.'"  *Banacki*, 276 F.R.D. at 571 (quoting *In re Consolidated Parlodel Litig., 182 F.R.D. 441, 444 (D.N.J.)* (citations omitted)); *see also Thurman v. Ocwen Loan Servicing, LLC*, No. 13-10305, 2013 WL 2456382, at *2 (E.D. Mich. June 6, 2013) (Cox, J.) ("A district court's decision with respect to a motion for voluntary dismissal under Fed. R. Civ. P. 42(a)(2) is reviewed for abuse of discretion.") (citing *Bridgeport Music, Inc. v. Universal–MCA Music Pub.,* 583 F.3d 948, 953 (6th Cir.2009)).

Exercising that discretion, I conclude that Defendant Clayton's October 14, 2015 motion to consolidate Case Nos. 2:15-cv-12232 and 2:15-cv-12233 should be denied at this time.  While Defendant Clayton's October 14, 2015 motion to consolidate distinctly addresses the issue of common questions of law and fact and also sets forth his arguments as to each of the five (5) *Cantrell* factors (DE 15 at

12-17), the fact remains that motions to dismiss have been filed in each case – on September 16, 2015 by Defendant Clayton in the instant case (DE 9), as well as on September 11, 2015 by Defendant Securus Technologies (DE 10, DE 11) and on September 16, 2015 by Defendant Clayton (DE 16) in Case No. 2:15-cv-12233. Moreover, on December 28, 2015 – a date following the filing of these motions to dismiss - the Clerk of the Court reassigned the latter case from Judge Friedman to Judge Leitman as a companion case to the instant action. (Case No. 2:15-cv-12233 (DE 21).) Thus, dispositive motions having already been filed and the same judicial officers having already been assigned to these cases, there is little reason, if any, for the Court to consolidate these matters at this time. Moreover, I note that, even though both actions pertain in some way to jail conditions, the two cases involve distinct claims, and there is an additional party added in the second of the two cases.

## II.    ORDER:

Accordingly, Defendant Clayton's October 14, 2015 motion (DE 15) to consolidate both actions filed by Plaintiff (Case Nos. 2:15-cv-12232, 2:15-cv-12233) is **DENIED WITHOUT PREJUDICE** to renewal should both of these cases survive the pending motions to dismiss.

   **IT IS SO ORDERED.**

Dated: March 31, 2016                s/Anthony P. Patti
                                     Anthony P. Patti
                                     UNITED STATES MAGISTRATE JUDGE


I hereby certify that a copy of the foregoing document was sent to parties of record on March 31, 2016, electronically and/or by U.S. Mail.

                                     s/Michael Williams
                                     Case Manager to the
                                     Honorable Anthony P. Patti

7