UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FRANK LEONARD BUTZ,

      Plaintiff,

v.

      Case No.  2:15-CV-12232
      Judge Matthew F. Leitman
      Magistrate Judge Anthony P. Patti

JERRY CLAYTON,

      Defendant.

_____/

## REPORT AND RECOMMENDATION REGARDING DEFENDANT CLAYTON'S SEPTEMBER 16, 2015 MOTION TO DISMISS (DE 9)

**I.   RECOMMENDATION**: The Court should grant Defendant Clayton's September 16, 2015 motion to dismiss.  (DE 9.)

**II.  REPORT:**

   **A.   Background**

Plaintiff is a party to two cases in this Court.[1]  On June 19, 2015, while incarcerated at the Washtenaw County Jail (WCJ) in Ann Arbor, Michigan, Plaintiff Frank Leonard Butz (WCJ #144609) filed the instant lawsuit *pro se*

---

[1] Plaintiff's other lawsuit, also filed on June 19, 2015, concerns the conditions and cost of phone service at Washtenaw County Jail (WCJ) and was filed against Wayne County Sheriff Jerry Clayton and Securus Technologies.  *See* Case No. 2:15-cv-12233-MFP-APP (E.D. Mich.).  (DE 1 at 3.)

against Jerry Clayton, the Washtenaw County Sheriff, in his official and personal capacities. (DE 1 at 1-2.)[2] In sum, Plaintiff's complaint concerns an alleged inability to attend a court-ordered class due to his confinement in F-Block, an allegedly ambiguous disciplinary system, and kites purportedly not being delivered to the addressee. (*See* DE 1 at 3 ¶¶ 1-3.) He seeks the following forms of relief, as quoted verbatim:

> 1) Allow prisoners to participate in 'court ordered' program[m]ing reg[a]rdless of their place of confinement.
>
> 2) Post sanctions for misconduct, including 'punitive segregation' or give each prisoner a 'rule book' to include possible sanctions and punitive segregation.
>
> 3) Place a box in each block for 'kites' to be delivered to addressed staff as U.S. Mail to ensure kites are delivered to those addressed.
>
> 4) Pay me two million ($2,000,000) dollars for grief and suffering.

(DE 1 at 4.)

### B. Instant Motion

Currently pending in this case is Defendant Clayton's September 16, 2015 motion to dismiss (DE 9), regarding which a response was due on October 30,

---

[2] Defendant asserts Plaintiff was released from WCJ on June 17, 2015, two days before the instant matter was filed. (DE 9 at 9.) Consistently, Plaintiff's August 11, 2015 notice of change of address/contact information indicates that Plaintiff is no longer at WCJ and has moved to a private address in Three Rivers, Michigan. (DE 5.)

2015 (DE 10). Instead of filing a substantive response to this motion, Plaintiff has filed an "affidavit and response," which lists ten challenges he faces and contains the following prayer for relief:

> Plaintiff Frank Butz prays the Court grant a hearing to determine if [P]laintiff can be appointed legal counsel, how to proceed, explain "Dismiss With Prejudice", grant Defendant(s) Motions, or whatever the Court deems appropriate.

(DE 13 at 2.) Sheriff Clayton has filed a reply. (DE 14.)[3]

### C.     Fed. R. Civ. P. 12(b)(6)

Defendant argues that Plaintiff's claims must be dismissed for failure to state a claim upon which relief may be granted. (*See* DE 9 at 11-12.) By way of background, the Federal Rules of Civil Procedure require "[a] pleading that states a claim for relief [to] contain: . . . a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). The rule governing defenses and objections provides corollary direction, namely that a party

---

[3] Technically, Defendant's motion to dismiss (DE 9) is unopposed and could be granted on that basis. "A respondent opposing a motion must file a response, including a brief and supporting documents then available." E.D. Mich. LR 7.1(c)(1). Here, Plaintiff's October 5, 2015 filing (DE 13) does not constitute a response to the substance of Defendant's motion to dismiss (DE 9), and Defendant makes note of this in his reply (DE 14 at 6-7). *See also*, *i.e.*, *Humphrey v. U.S. Attorney Gen.'s Office*, 279 F. App'x 328, 331 (6th Cir. 2008) ("where, as here, plaintiff has not raised arguments in the district court by virtue of his failure to oppose defendants' motions to dismiss, the arguments have been waived."). Relatedly, by an order dated March 31, 2016 (DE 20), the Court has denied without prejudice Plaintiff's requests for appointment of counsel (DEs 13 & 17).

may assert the defense of "failure to state a claim upon which relief can be granted . . ." by motion. Fed. R. Civ. P. 12(b)(6).

When deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must "construe the complaint in the light most favorable to plaintiff and accept all allegations as true." *Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation omitted); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (concluding that a plausible claim need not contain "detailed factual allegations," but it must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action"). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Furthermore, the Court holds *pro se* complaints to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520

(1972). However, even in pleadings drafted by *pro se* parties, "'courts should not have to guess at the nature of the claim asserted.'" *Frengler v. Gen. Motors*, 482 F. App'x 975, 976-77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)). Furthermore, "courts may not rewrite a complaint to include claims that were never presented . . . nor may courts construct the Plaintiff's legal arguments for him. Neither may the Court 'conjure up unpled allegations[.]'" *Rogers v. Detroit Police Dept.*, 595 F.Supp.2d 757, 766 (E.D. Mich. 2009) (Ludington, J., adopting report and recommendation of Binder, M.J.).[4]

### D.     Discussion

As an initial matter, I note that Plaintiff's June 19, 2015 complaint is the only substantive matter he has filed in this case.[5] Moreover, the crux of his complaint is limited to one-page and states as follows:

> 1)     I was ordered by the court, while at this jail, to complete a "thinking matters" class,[6] and was told by deputies that I

---

[4] *See also, Evans v. Mercedes Benz Fin. Servs., LLC*, No. 11-11450, 2011 WL 2936198, at *2 (E.D. Mich. July 21, 2011) ("Even excusing plaintiff's failure to follow Rules 8(a)(2) and 10(b), a *pro se* plaintiff must comply with basic pleading requirements, including Rule 12(b)(6).").

[5] Of the first twenty (20) matters filed in this case, Plaintiff has filed five (DEs 1, 8, 12, 13 & 17), only one of which is substantive; the Court has filed nine matters (DEs 2, 3, 4, 5, 6, 10, 16, 19 & 20); and Defendant has filed the remaining six matters. (DEs 7, 9, 11, 14, 15 & 18).

[6] Plaintiff appears to be referring to the "Thinking Matters" cognitive behavioral program. *See* http://www.michigan.gov/documents/corrections/03-01-16_-_Section_611_SAI_Annual_Report_515804_7.pdf

5

       could not attend the court ordered class because of my place of confinement (F-Block).  At the same time, all the 'kites' I had sent concerning my placement in the class were answered as though I would be placed in the class.  It being court ordered did not make it a privilege to attend.

2)      I was given a sanction of 'loss of privileges' for a misconduct, but did not learn of being 'locked down' in a punitive segregation for 30 days until after I had been there for 3 or 4 days.  There are listed misconducts (minor and major) posted, but nothing pertaining to 'punitive segregation' therefore, I believe the disciplinary system at this facility is ambiguous.

3)      Some of the kites I had sent never made it (delivered) to the person they were addressed to, and were returned with the receiving officer's signature as the responding staff.

(DE 1 at 3.)  Upon consideration, the Court should grant Defendant Clayton's motion to dismiss.  (DE 9.)

### 1. Plaintiff has failed to state a claim upon which relief may be granted.

#### a. Plaintiff has not identified the legal basis or bases for his claims.

As evidenced by the above-quoted paragraphs, Plaintiff does not identify the legal basis or bases for his claims, such as whether these allegations violate state and/or federal law.  Therefore, his claims are not "sufficient to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *U.S. ex rel. SNAPP, Inc. v. Ford Motor Co.*, 532 F.3d 496, 503 (6th Cir. 2008) (quoting *Erickson v. Pardus,* 551 U.S. 89, 93 (2007)) (quoting *Twombly,* 550 U.S. at 555).  Given Plaintiff's *pro se* status, the Court recognizes the possibility that he filed his

complaint pursuant to 42 U.S.C. § 1983 ("Civil action for deprivation of rights").

Even so, the United States Supreme Court has instructed:

> Section 1983 "is not itself a source of substantive rights," but merely provides "a method for vindicating federal rights elsewhere conferred." *Baker v. McCollan,* 443 U.S. 137, 144, n. 3 . . . (1979). The first step in any such claim is to identify the specific constitutional right allegedly infringed. *Graham v. Connor,* 490 U.S. 386, 394 . . . (1989); and *Baker v. McCollan, supra,* 443 U.S., at 140[].

*Albright v. Oliver*, 510 U.S. 266, 271 (1994). Here, Plaintiff fails to describe the law upon which his claims are based, no specific constitutional right has been identified, and it is not incumbent upon this Court to guess what it might be.

Nonetheless, Defendant's argument that Plaintiff has failed to state a claim upon which relief may be granted also contains specific sub-arguments which attempt to address the three paragraphs of Plaintiff's statement of claim. (DE 1 at 3, DE 9 at 13-15.) Brief comment regarding each is warranted.

### b. First paragraph of Plaintiff's Statement of Claim

To the extent Plaintiff argues that his confinement in F-Block prevented him from attending a state court-ordered "Thinking Matters" class (DE 1 at 3 ¶ 1), the Sixth Circuit has explained, albeit in an unpublished case, as follows:

> Prison officials generally have broad discretion in the internal management of prisons, and classification of prisoners is generally within the discretion of prison officials. Beyond that, *a prisoner has no constitutional entitlement to a particular classification or to any particular eligibility for rehabilitative programs*, and *a change in the conditions of confinement does not normally invoke due process*

7

> *considerations, even though it may have an adverse impact upon him, such as denial of access to rehabilitative programs*. This is especially true, where, as in Michigan, state law has not created any liberty interest in those privileges[.]

*Griffin v. Kallen*, 791 F.2d 933, at *1 (6th Cir. 1986) (table) (emphases added) (internal citations omitted).  As the Supreme Court made clear in *Sandin v. Conner*, 515 U.S. 472, 482 (1995), federal courts are understandably reluctant to be involved "in the day-to-day management of prisons, often squandering judicial resources with little offsetting benefit to anyone." Instead, in a view expressed in several Supreme Court cases, "federal courts ought to afford appropriate deference and flexibility to state officials trying to manage a volatile environment. Such flexibility is especially warranted in the fine-tuning of the ordinary incidents of prison life, a common subject of prisoner claims . . . ." *Id.* at 482-483 (internal citations omitted).  Thus, without more specificity from Plaintiff, such as the details of the state-court's order (*i.e.*, was the completion of this class a condition of his release?) or why he was confined to F-Block (*i.e.*, is F-Block the punitive segregation he mentions in Paragraph 2 or the portion of the general population warranted by his security classification), he has not alleged that the effect of his WCJ F-Block assignment on his attendance—at what appears to be a rehabilitative class ordered by the 15th Judicial District Court (Ann Arbor, Michigan)—implicates a federal constitutional right.

8

Nor has he alleged that his failure to attend this class—even assuming it was through no fault of his own—had an adverse effect on his length of sentence or conditions of release, or that it otherwise indicates a failure of due process. As the Supreme Court held in *Sandin*, *supra.,* a liberty interest implicating the Due Process Clause only exists where the prisoner can demonstrate that the state action would "inevitably affect the duration of his sentence" or impose "an atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." 515 U.S. at 484, 487.

### c.    Second paragraph of Plaintiff's Statement of Claim

To the extent Plaintiff claims the WCJ disciplinary system is ambiguous due to insufficient *notice* regarding punitive segregation (DE 1 at 3 ¶ 2), perhaps Plaintiff is attempting some type of Fourteenth Amendment procedural or substantive due process claim.  Nonetheless, Plaintiff has likewise not alleged that his assignment to administrative segregation resulted in an "atypical and significant hardship."  *See, i.e., Underwood v. Luoma*, 107 F. App'x 543, 545 (6th Cir. 2004) ("placement in administrative segregation does not constitute an atypical and significant hardship on the inmate[,]" "[t]his court has never held that an extended stay in administrative segregation gives rise to an atypical and significant hardship on an inmate[,]" and "courts are reluctant to second-guess prison authorities' decisions concerning security risks."), *Gareau v. Wilkinson*, No.

9

97-3060, 1998 WL 69306, at *1 (6th Cir. Feb. 10, 1998) ("Gareau has not stated a due process claim because merely decreasing his security classification did not subject him to punishment qualitatively different from the punishment characteristically suffered by a person convicted of a crime which resulted in stigmatizing consequences, nor did it impose atypical and significant hardship on him in relation to the ordinary incidents of prison life.") (referencing *Sandin, supra.*, at 484). Plaintiff in the instant matter has failed to identify how an alleged failure to give clear notice with respect to an administrative segregation, in and of itself, violates a constitutional right, particularly if the segregation is otherwise legal.

### d. Third paragraph of Plaintiff's Statement of Claim

To the extent Plaintiff claims some of his kites were not delivered to the addressee and were returned to him with the receiving officer's signature (DE 1 at 3 ¶ 3), he has not alleged how these instances or the WCJ grievance procedure has violated either his First Amendment right of access to the courts or some type of Fourteenth Amendment due process right. *See*, *i.e.*, *Rodgers v. Hawley*, 14 F. App'x 403, 409 (6th Cir. 2001) ("Prison officials deny prisoners their right to access the courts by depriving them of a 'reasonably adequate opportunity' to challenge their sentence or conditions of confinement."), *Walker v. Michigan Dep't of Corr.*, 128 F. App'x 441, 445 (6th Cir. 2005) ("the lack of a constitutional right

to unfettered access to a grievance procedure means that Walker is not entitled to relief on his claim that the modified access procedure arbitrarily denied him access to the prison's grievance procedures.").

### 2. Plaintiff has failed to allege Defendant Clayton's personal involvement in the matters forming the basis of his complaint.

Defendant is correct that "Plaintiff's pleading[] fail[s] to allege any personal involvement by Defendant." (DE 9 at 16.) "[A] complaint must allege that the defendants were personally involved in the alleged deprivation of federal rights." *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (citing *Hall v. United States,* 704 F.2d 246, 251 (6th Cir.1983)). As can be seen from the above-quoted three-paragraph statement of claim (DE 1 at 3), Plaintiff has not made any specific allegation that Sheriff Clayton was "personally involved in or responsible for" any of the violations Plaintiff alleges. *See Frazier v. Michigan*, 41 F.App'x 762, 764 (6th Cir. 2002) ("Frazier's complaint contained no specific facts in support of his conclusory allegations that the defendants violated his constitutional and statutory rights. Moreover, Frazier failed to allege with any degree of specificity which of the named defendants were personally involved in or responsible for each of the alleged violations of his federal rights.").

In addition, to the extent Plaintiff names Sheriff Clayton as a defendant on the basis of the control he may have over the WCJ, "[t]he law is clear that liability

11

of supervisory personnel must be based on more than merely the right to control employees:

> Without more, such a theory would allow liability on a respondeat superior basis-a basis expressly rejected by the Supreme Court in *Monell v. Department of Social Services*, 436 U.S. 658 . . . (1978) under [§] 1983, and by this court in *Jones v. City of Memphis*, 586 F.2d 622 (6th Cir. 1978) in a direct constitutional action pursued in accordance with the case of *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 . . . (1971).

*Hays v. Jefferson Cty., Ky.*, 668 F.2d 869, 872 (6th Cir. 1982). In other words, "the doctrine of respondeat superior does not apply in § 1983 lawsuits to impute liability onto supervisory personnel . . . unless it is shown that the defendant 'encouraged the specific incident of misconduct or in some other way directly participated in it.'" *Horton v. Martin*, 137 F. App'x 773, 775 (6th Cir. 2005) (citing *Monell v. Dep't of Soc. Servs. of New York,* 436 U.S. 658, 691–95 (1978), (quoting *Bellamy v. Bradley,* 729 F.2d 416, 421 (6th Cir.1984)). Plaintiff's complaint not having even mentioned Defendant Sheriff Clayton by name or title, Plaintiff has, likewise, not shown specific misconduct or direct participation on Defendant's part.

### 3. Arguments Not Addressed and Conclusion

Finally, if the Court agrees with my foregoing conclusions, then it need not address Defendant's additional arguments that "Plaintiff's requests for injunctive relief are moot because he has been released from confinement[,]" (DE 9 at 16-18)

12

and "Plaintiff's claims against Defendant in his official and individual capacities must be dismissed because Defendant enjoys qualified immunity from these claims[,]" (DE 9 at 18-19). Nor would the Court need to address Defendant's argument in reply that "Plaintiff's response reveals that Plaintiff's complaint was filed in violation of Rule 11, and this Court may dismiss his complaint *sua sponte*[,]" (DE 14 at 9-11.)  In sum, the Court should simply conclude that Defendant is entitled to dismissal of the complaint against him, pursuant to Fed. R. Civ. P. 12(b)(6), because Plaintiff has failed to state a claim upon which relief may be granted, and because he has failed to allege Defendant's personal involvement.

### III. PROCEDURE ON OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Fed. R. Civ. P. 72(b)(2) and E.D. Mich. LR 72.1(d).  Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d

1370, 1273 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," and "Objection No. 2," *etc.* Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," *etc.* If the Court determines that any objections are without merit, it may rule without awaiting the response.

Dated: April 7, 2016
        s/Anthony P. Patti
        Anthony P. Patti
        UNITED STATES MAGISTRATE JUDGE

I hereby certify that a copy of the foregoing document was sent to parties of record on April 7, 2016, electronically and/or by U.S. Mail.

        s/Michael Williams
        Case Manager for the
        Honorable Anthony P. Patti